UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIARA SKY STARR,

        Plaintiff,

    v.

MACIAS, et al.,

        Defendants.

No. 2:25-cv-2997 AC P

ORDER

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. She has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that she cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

////

////

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a), 1915(b)(1). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

I.      Motion to Correct

Plaintiff filed a "motion to correct" asking the court to correct defendant Macias' name from "H. Macias" to "L. Macias." ECF No. 5. Plaintiff explains that she understands the "L" looked like a lower case "h". Id. Because this is a request to correct a clerical error, and not a request to substitute a named party, the court will grant plaintiff's motion and direct the clerk of the court to update the name on the docket accordingly.

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

III.    Factual Allegations of the Complaint

Plaintiff, a transgender inmate formerly incarcerated at Mule Creek State Prison, alleges that defendants L. Macias and Ramirez violated her Eighth Amendment rights under the United States Constitution.  Specifically, plaintiff alleges that both defendants L. Macias and Ramirez were deliberately indifferent to a serious medical need, and that defendant Ramirez engaged in verbal harassment which was calculated to and did cause psychological damage.

On September 23, 2023, plaintiff was escorted to the Triage and Treatment Area ("TTA") on "suicide precaution."  ECF No. 1 at 5.  While at TTA, the attending physician determined that plaintiff required further medical treatment and ordered that plaintiff be transported to Sutter Amador Hospital.  Id.  Defendants Ramirez and Macias then transported plaintiff to the hospital. Id. at 2, 4-5.

During transportation, plaintiff stated that she was "going to kill herself."  In response, defendant Ramirez said, "I don't think you have the heart to kill yourself, you coward" and "kill yourself faggot.  Do it!".  Id. at 5, 7.  Plaintiff grabbed a seatbelt and wrapped it around her neck tightly.  Id.  Rather than stop plaintiff from hurting herself, defendant Ramirez told her, "don't play, pull it tighter."  Id.  Plaintiff pulled the seatbelt tighter, causing unconsciousness and injuries to her head, neck and back.  Id.  Defendant Macias watched but did nothing to intervene.  Id. at 2, 5.  After plaintiff fell unconscious, neither defendant Ramirez nor defendant Macias called for emergency medical services or attempted to render first aid to plaintiff.  Id.

IV.    Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a cognizable Eighth Amendment claim against defendants Ramirez and Macias for acting with deliberate indifference to her serious medical need, and against Ramirez for verbally harassing plaintiff in a manner calculated to cause psychological damage. The allegation that defendants "watched" plaintiff's suicide attempt while transporting her to a hospital under "suicide precaution," and then allowed the seatbelt to remain around plaintiff's neck long enough for her to become unconscious, supports an inference that they knew plaintiff was at risk of serious harm and were deliberately indifferent to such a risk.  Additionally, the

3

allegation that defendant Ramirez knew plaintiff was suicidal and told plaintiff to kill herself and to "pull [the seatbelt] tighter," while plaintiff had the seatbelt wrapped around her neck, are sufficient, for screening purposes, to support an inference that the comments were calculated to and did cause plaintiff psychological damage.

V.    Failure to State a Claim

The allegations in the complaint are not sufficient to state any claim for relief against John Doe 1 and John Doe 2.  Plaintiff has not made any factual allegations against Doe defendants.  To state a § 1983 claim against Doe defendants, plaintiff must identify each Doe defendant separately (e.g. Doe 1, Doe 2, etc.) and allege what each Doe defendant did or did not do that plaintiff believes violated her federal rights.  For defendants to be held liable under § 1983, plaintiff must allege facts showing their specific conduct that violated her constitutional rights.

It appears to the court that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint.

VI.    Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendants Ramirez and Macias on the Eighth Amendment claims identified in Section IV.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendant John Doe 1 and John Doe 2.  The court will proceed to immediately serve the complaint and order a response from defendants Ramirez and Macias.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section V against the Doe defendants.  If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

////

////

4

VII.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not.  Your claims against defendants Ramirez and Macias for medical care and cruel and unusual punishment have been sufficiently alleged and can move forward in court.  You did not describe any conduct by John Doe 1 or John Doe 2, and that is why the claim against Doe defendants fails.

You have a choice to make.  You may either (1) proceed immediately on your claims against Ramirez and Macias for medical care and cruel and unusual punishment and voluntarily dismiss the other claims; or (2) try to amend the complaint.

To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief.  See Attachment A.  Pay particular attention to these standards if you choose to file an amended complaint.

**Any claims and information not in the amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is GRANTED.

2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.   Plaintiff's motion to correct (ECF No. 6) is GRANTED.  The clerk of the court is directed to correct defendant Macias name on the docket from "H. Macias" to "L. Macias."

4.   Plaintiff's claims against defendants John Doe 1 and John Doe 2 do not state claims for which relief can be granted.

5.   Plaintiff has the option to proceed immediately on her Eighth Amendment claims against defendants Ramirez and Macias as set forth in Section IV above, or to file an amended complaint.

/////

/////

5

6.   Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether she wants to proceed on the screened complaint or whether she wants to file an amended complaint.

7.   If plaintiff does not return the form, the court will assume that she is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of Eighth Amendment claims against John Doe 1 and John Doe 2.

DATED:  March 2, 2026.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIARA SKY STARR,

        Plaintiff,

    v.

RAMIREZ, et al.,

        Defendants.

No.  2:25-cv-2997 AC P

NOTICE OF ELECTION

    Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on her Eighth Amendment against defendants Ramirez and Macias without amending the complaint.  Plaintiff understands that by choosing this option, the Doe defendants will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:_____

                                  _____
                                  Ciara Sky Starr
                                  Plaintiff pro se

7

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.   Pay particular attention to these standards if you choose to file an amended complaint.

I.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.    Legal Standards Governing Substantive Claims for Relief

A.  Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the

8

deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In other words, to state a claim for relief under section 1983, plaintiff must link each individual defendant with some affirmative act or omission that shows a violation of plaintiff's federal rights.

B. Doe Defendants

Although the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names. See Mosier v. Cal. Dep't of Corr. & Rehab., 2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at * 8-9 (E.D. Cal. July 2, 2012); Robinett v. Corr. Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at * 12-13 (N.D. Cal. July 20, 2010). Allegations against Doe defendants should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate plaintiff's rights.

C. Eighth Amendment – Deliberate Indifference to Serious Medical Need

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

"A heightened suicide risk or an attempted suicide is a serious medical need." Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010), vacated sub nom. City of Reno, Nev. v. Conn, 563 U.S. 915 (2011), reinstated in relevant part on remand, 658 F.3d 897 (9th Cir. 2011).

A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference "may appear

9

when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted).

          D.  Eighth Amendment – Verbal Harassment

"[V]erbal harassment generally does not violate the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996).  However, comments that are "unusually gross even for a prison setting and [are] calculated to and [do] cause [plaintiff] psychological damage," may raise constitutional concerns under the Eighth Amendment.  See id.; see also Lisle v. Welborn, 933 F.3d 705, 718 (7th Cir. 2019) (finding that a nurse encouraging an inmate to kill himself while on suicide watch under their care went beyond "simple verbal harassment" and could constitute cruel and unusual punishment).